**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**ALBERT RAY, JR.,**

                        **Plaintiff,**

    **vs.**                                         **3:15-cv-00008
                                                        (MAD/ATB)**

**CAROLYN W. COLVIN,**
*Commissioner of Social Security*,

                        **Defendant.**
_____

**APPEARANCES:**                           **OF COUNSEL:**

**LACHMAN & GORTON**                  **PETER A. GORTON, ESQ.**
1500 East Main Street
Endicott, New York 13761-0089
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**    **KAREN T. CALLAHAN, ESQ.**
Office of Regional General Counsel, Region II    Special Assistant United States Attorney
26 Federal Plaza, Room 3904
New York, New York 10278
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

**ORDER**

      Plaintiff Albert Ray, Jr. ("Plaintiff") brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c), seeking judicial review of the Commissioner of Social Security's ("Commissioner") decision to deny his application for Supplemental Security Income ("SSI") under the Social Security Act. *See* Dkt. No. 1. Presently before the Court are the parties' motions for judgment on the pleadings. *See* Dkt. Nos. 12, 15. This matter was referred to United States Magistrate Judge Andrew T. Baxter for a Report-Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(d), familiarity with which is assumed.

On March 16, 2012, Plaintiff protectively filed an application for SSI, alleging a disability onset date of November 20, 2009. *See* Administrative Transcript ("T.") at 154-59, 167. Plaintiff's application was initially denied on June 29, 2012. *See id.* at 60-64. Upon Plaintiff's request, a hearing was held on June 12, 2013 before Administrative Law Judge Marie Greener (the "ALJ"), at which Plaintiff was represented by his attorney. *See id.* at 27-52, 65-67. On August 2, 2013, the ALJ issued a decision denying Plaintiff's claim for benefits, finding that Plaintiff was not disabled within the meaning of the Social Security Act (the "Act"). *See id.* at 9-26. Plaintiff filed a request for review with the Appeals Council, which denied review by a letter dated December 15, 2014, thereby making the ALJ's decision the final determination of the Commissioner. *See id.* at 1-4, 6-8.

Plaintiff commenced this action on January 5, 2015, seeking judicial review of the Commissioner's unfavorable decision. *See* Dkt. No. 1. Plaintiff argues that his RFC, as determined by the ALJ, is based upon legal error and is not supported by substantial evidence. *See* Dkt. No. 12. Further, Plaintiff argues that the ALJ failed to properly consider his non-exertional limitations and failed to obtain the testimony of a vocational expert. *See id.* Defendant maintains that the ALJ applied the correct legal standards in determining that Plaintiff is not disabled and that her decision is supported by substantial evidence. *See* Dkt. No. 15.

In a Report-Recommendation dated February 11, 2016, Magistrate Judge Baxter found that (1) the ALJ properly assigned weight to the opinions of Dr. T. Hardin, Dr. Moore, Dr. Hare, and Dr. Loomis, (2) substantial evidence supported the Plaintiff's residual functional capacity ("RFC"), as determined by the ALJ, and (3) the testimony of a vocational expert was not required. *See* Dkt. No. 16 at 9-18. In objecting to the Report-Recommendation, Plaintiff advances the same argument raised before Magistrate Judge Baxter in Plaintiff's motion for judgment on the

2

pleadings.  *See* Dkt. No. 17.  Specifically, Plaintiff objects to Magistrate Judge Baxter's finding with respect to the ALJ's determination that Plaintiff has the RFC to perform a full range of work at all exertional levels, which consists of simple repetitive tasks and not working in close proximity to others.  *See* T. at 17.  Plaintiff argues that the medical evidence in this case supports that he is not able to work consistently and that the record is void of any contrary evidence.  *See* Dkt. No. 17.

In reviewing a final decision by the Commissioner under 42 U.S.C. § 405, the Court does not determine *de novo* whether a plaintiff is disabled.  *See* 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the Court must determine whether the Commissioner applied the correct legal standards and whether there is substantial evidence to support the decision.  *See Urtz v. Callahan*, 965 F. Supp. 324, 326 (N.D.N.Y. 1997) (citing *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987)).  The Commissioner is ultimately responsible for determining a claimant's eligibility; however, an ALJ makes the actual disability determination.  A court may not affirm an ALJ's decision if it reasonably doubts that the ALJ applied the proper legal standards, even if it appears that the ALJ's decision is supported by substantial evidence.  *See Johnson*, 817 F.2d at 986.  The ALJ must set forth the crucial factors justifying his findings with sufficient specificity to allow a court to determine whether substantial evidence supports the decision.  *See Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations and quotations omitted).  If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's

independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and "may not substitute its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections to a magistrate judge's report, the district court engages in *de novo* review of the issues raised in the objections. *See id.*; *Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008). When a party fails to make specific objections, the court reviews the magistrate judge's report for clear error. *See Farid*, 554 F. Supp. 2d at 307; *Gamble v. Barnhart*, No. 02-CV-1126, 2004 WL 2725126, *1 (S.D.N.Y. Nov. 29, 2004). "To the extent . . . that [a] party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." *Watson v. Astrue*, No. 08 Civ. 1523, 2010 WL 1645060, *1 (S.D.N.Y. Apr. 22, 2010) (quotation omitted).

In the present matter, Magistrate Judge Baxter found that the ALJ properly evaluated and assigned weight to the medical experts in the record. *See* Dkt. No. 16 at 13-18. Further, Magistrate Judge Baxter also found that substantial evidence supported the RFC, as determined by the ALJ. *See id.* at 12-18. In his objections to the Report-Recommendation, Plaintiff repeats, in an abbreviated manner, the precise arguments made in his brief. Dkt. Nos. 12 at 12-21; 17. Having concluded that Plaintiff has merely reiterated his original arguments, the Court's review of this issue as well the remainder of the Report-Recommendation is for clear error.

Having carefully reviewed Magistrate Judge Baxter's Report-Recommendation and the medical evidence, the Court finds that Magistrate Judge Baxter correctly concluded that the ALJ properly assigned weight to the medical experts and the ALJ's determinations were supported by substantial evidence in the record. In Plaintiff's objection to the Report-Recommendation, Plaintiff argues that Dr. Hardin, who the ALJ assigned the greatest weight, opined in the psychiatric technique form that Plaintiff has moderate difficulty in maintaining concentration, persistence, or pace. *See* T. at 389, 394-95. However, Magistrate Judge Baxter explained that the box-checking by Dr. Harding in the assessment form does not constitute the RFC assessment but, instead, is to be used to record the presence and degree of functional limitations and the adequacy of documentation. *See* Dkt. No. 16 at 13 (citing Programs Operations Manual § DI 24510.006 - Mental Residual Functional Capacity Assessment (Oct. 14, 2010)). Magistrate Judge Baxter correctly concludes that the boxes in that section of the assessment form do not limit Dr. Harding from offering his RFC opinion that Plaintiff is able to work with simple repetitive tasks. *See* Dkt. No. 16 at 13. Magistrate Judge Baxter also cites to the ALJ's findings that Plaintiff's daily activities and statements to his medical providers support Dr. Harding's opinion on Plaintiff's abilities. *See id.* at 16-17. Plaintiff does not object to Magistrate Judge Baxter's finding that the ALJ was permitted to rely on the vocational grids to determine that jobs existed in the national economy that Plaintiff could have performed based on the ALJ's RFC determination, and the Court finds no error in this conclusion. *See* Dkt. No. 16 at 18-21.

After carefully reviewing the record in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Magistrate Judge Baxter's February 11, 2016 Report-Recommendation (Dkt. No. 16) is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 12) is **DENIED**; and the Court further

**ORDERS** that Defendant's motion for judgment on the pleadings (Dkt. No. 15) is **GRANTED**; and the Court further

**ORDERS** that the Commissioner's decision denying disability benefits is **AFFIRMED**; and the Court further

**ORDERS** that the Clerk shall enter judgment in Defendant's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 24, 2016
Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge